IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL J. MCGUIRE,⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀⠀⠀C.A. No. K18C-04-011 WLW

⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

WILLIAM SHELL, SALLY A.⠀⠀:

REARDON, JOHN T. REARDON,⠀:

and MYERS REALTY LLC f/n/a⠀⠀:

BOB MOORE REALTY CO.,⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀:

Submitted: June 18, 2019
Decided: September 6, 2019

## ORDER

Defendant Myers Realty LLC's Motion to Dismiss.
*Denied.*

William D. Fletcher, Jr., Esquire and Dianna E. Louder, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorneys for Plaintiff.

Kristin C. Collison, Esquire of Hudson Jones Jaywork & Fisher, Dover, Delaware; attorney for Defendant Myers Realty LLC.

Miranda D. Clifton, Esquire of Young & McNelis, Dover, Delaware; attorney for Defendant William Shell.

Matthew E. O'Byrne, Esquire of Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware; attorney for Defendants Sally A. Reardon and John T. Reardon.

WITHAM, R.J.

*Michael McGuire v. William Shell, et al.*
C.A. No. K18C-04-011 WLW
September 6, 2019

Presently before the Court is Defendant Myers Realty LLC's Motion to Dismiss Michael J. McGuire's complaint pursuant to Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure. After considering Defendant's motion, Plaintiff's response in opposition, and the record, it appears to the Court that:

1. On or about July 12, 2017, Michael McGuire arrived at 116 Morris Drive in Dover, Delaware to visit with the four dogs that lived there.[1] One of the dogs was an adult male pit bull. William Shell was the owner of the dogs, including the pit bull.[2] Mr. McGuire alerted Mr. Shell of his arrival, and, with Mr. Shell's permission, went to visit Mr. Shell's dogs.[3]

2. When Mr. McGuire offered a treat to the pit bull, the dog attacked him.[4] As the result of the attack, Mr. McGuire suffered injuries.[5] Mr. McGuire filed an action against Defendant Myers Realty LLC (hereinafter "Myers Realty"), claiming that Defendant was the property management company of the property where he was attacked, and that the Defendant knowingly and negligently allowed a dangerous dog to be kept on the premises.[6] In his complaint, Mr. McGuire also stated that Defendant

---

[1] Complaint K18C-04-011 at ¶ 5 (McGuire, April 9, 2019).

[2] *Id.* at ¶ 5, 6 (Mr. Shell is also a Defendant in this case).

[3] *Id.* at ¶ 6.

[4] *Id.* (The parties dispute whether Mr. McGuire provoked the dog by teasing it).

[5] *Id.* at ¶ 6.

[6] *Id.* at ¶ 22 (Mr. McGuire also filed actions against the owner of the dog, Mr. Shell, and the owner of the residence, Sally A. Reardon).

Myers Realty was known at one point as "Bob Moore Realty Co."

3. Defendant filed a Motion to Dismiss stating that Myers Realty was never known as Bob Moore Realty Co.[7] (hereinafter "Bob Moore"). Defendant further asserts that Myers Realty never purchased Bob Moore's client list or any of its business assets.[8] Defendant also states that no legal basis exists for naming Myers Realty as a Defendant in this action.[9]

4. Plaintiff argues that the Motion to Dismiss should be denied because it presents allegations outside the scope of the Court's review pursuant to Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure.[10] The Plaintiff further argues that Defendant should be compelled to file an Answer to the Complaint and proceed with discovery to determine whether evidence supports the Complaint's allegations against Myers Realty.

5. On a motion to dismiss pursuant to Rule 12(b)(6), the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its [complaint] would the [plaintiff] be entitled to relief."[11] Upon this

---

[7] Defendant's Motion to Dismiss (hereinafter "D. Mot.") at ¶ 2.

[8] *Id.* at ¶ 3.

[9] *Id.* at ¶ 4 (The Defendant does not state that Myers Realty never managed the property in question, but only states that it had no connections with Bob Moore, other than purchasing a building from the company).

[10] Plaintiff's Response (hereinafter "Pl. Response") at ¶ 2.

[11] *Alpha Contracting Services, Inc.*, 2019 WL 151482, at *1 (Del. Super. Jan. 9, 2019) (citing *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

Court's review of a motion to dismiss, "(I) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[12]

6. Defendant does not present facts in its Motion to Dismiss that demonstrate that the Plaintiff would not be entitled to relief. Defendant does not allege that Myers Realty does not and/or did not manage the property where the Plaintiff sustained injuries. Defendant states that Myers Realty was not formerly known as Bob Moore. A factual dispute exists whether Myers Realty was ever known as Bob Moore.

7. Furthermore, it is unclear whether Defendant also argues that Myers Realty never managed the property. Assuming Myers Realty was never known as Bob Moore but still managed the property before or during Plaintiff's injury, Myers Realty could be found liable to the Plaintiff because the jury could find it negligent for allowing co-Defendant Shell to keep a dangerous dog on the premises.

8. If, on the other hand, Myers Realty never managed the property in question, it should be dismissed from the action. Again, it is not entirely clear from Defendant's Motion to Dismiss whether Defendant's position is that it never managed the property. Even assuming that it is Defendant's position, the parties are disputing it. To conclude, the assertions made by Defendant in the Motion to Dismiss are insufficient

---

[12] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).

to allow this Court to consider dismissal under Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure.

9.  For the reasons mentioned above, Defendant's Motion to Dismiss is **DENIED** without prejudice.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh